UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO: 24-cr-20295-JB

    Plaintiff,

vs.

STIVEN JOSE FLORES,

    Defendant.
_____/

## DEFENDANT STIVEN JOSE FLORES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

**COMES NOW** the Defendant, **STIVEN JOSE FLORES**, by and through his undersigned counsel, and presents this Sentencing Memorandum in support of his Motion for Downward Variance pursuant to Title 18 U.S.C. §3553(a) Factors.

## INTRODUCTION

Mr. Jose Flores is remorseful for his criminal conduct and acknowledges that the offense he has committed is a serious one. His actions have had a profound impact on the United States, this Court, and even his own family. Mr. Jose Flores acknowledges his responsibility for his actions, and submits the following Memorandum for the Court's consideration in determining his sentence. Through this sentencing memorandum, Mr. Jose Flores is respectfully requesting a significant downward variance. Based upon various factors supporting a downward variance, we believe that the Court can fashion a sentence lower than the guidelines that is "sufficient but not greater than necessary" to achieve the goals of sentencing under 18 U.S.C. §3553(a).

## *UNITED STATES V. BOOKER*

In *Booker*, the Supreme Court held that the Sentencing Guidelines are no longer mandatory

and constitute only one of the sentencing factors that the Court must consider under §18 U.S.C. 3553(a). *United States v. Booker*, 125 S. Ct. 738, 757 (2005). Under *Booker*, sentencing decisions are subject to a "reasonableness" standard of review, which must be measured against the factors outlined in 18 U.S.C. §3553(a)[1]. *Id* at 761. A sentence outside the advisory guideline range does not need to be justified by "extraordinary circumstances". *Gall v. United States*, 128 S. Ct. 586 (2007). In fact, the Supreme Court has specifically rejected any presumption of unreasonableness for sentences outside the guideline. *Id* at 595. The sentence imposed must be "sufficient but not greater than necessary" to achieve the purposes. *United States v. Williams*, 435 F. 3d 1350 (11th Cir. 2006)(90 months' imprisonment was sufficient, but not greater than necessary to punish, deter, and rehabilitate defendant even though low end of guidelines was 188 months; a 98-month variance).

## ANALYSIS OF 18 U.S.C. 3553(A) FACTORS

I.   **The nature and circumstances of the offense and the history and characteristics of the defendant.**

**a. Nature and circumstances of the offense.**

The Indictment charges Mr. Jose Flores, along with seven (7) other co-Defendants, and other

---

[1] 18 U.S.C. §3553(a) provides the following factors to be determined when imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

persons unknown, with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 70506(b), a Class A felony. [D.E. 14].

Specifically, Mr. Jose Flores was detained aboard a go-fast vessel (GFV) approximately 20 nautical miles east of Tucacas, Venezuela. [D.E. 184, ¶ 6]. He, and other co-defendants, were offered between $1,000 and $2,000 in United States currency in order to deliver an unknown item(s) to an unknown location via go fast vessel. [D.E. 184, ¶ 12].

**b. The history and characteristics of the defendant.**

**Personal History**

Mr. Jose Flores' was born and raised in a small coastal town in Venezuela. Although not legally married, his partner, Isleydis Maria Rodriguez Gilarte, and he have two children (ages 7 and 9). [D.E. 184, ¶ 41]. He makes a living as a farmer and fisherman, earning $45 a month to help support his family. [D.E. 184, ¶ 55]. His partner, Ms. Gilarte, was a teacher, but is not currently working; she suffered a brain hemorrhage in September 2024 and was left temporarily blind and has not yet returned to work. [D.E. 184, ¶ 40]. Shortly after, in December 2024, Mr. Flores lost his mother to stomach cancer. [D.E. 184, ¶ 37]. Then, in June 2025, his father passed from a stroke and heart attack. *Id.*

**Educational and Employment History**

Mr. Jose Flores has a sixth grade education, with some supplemental schooling [D.E. 184 ¶51]. In Venezuela, he was a farmer and a fisherman, and also worked in construction for some time. [D.E. 184 ¶55]. He is currently an orderly at FDC Miami, [D.E. 184 ¶54]; and is interested in receiving electrician training, [D.E. 184 ¶53].

**Criminal History**

Mr. Jose Flores has never been arrested and is a "Zero-Point Offender". [D.E. 184 ¶3]

**Remorse and Accountability**

Mr. Jose Flores is genuinely remorseful and upset with his poor decisions. He provided a factual proffer to the Government regarding his involvement in this offense. [D.E. 143]. Further, he provided a statement, which was translated into English, expressing his genuine remorse and regrets. [[D.E. 184, ¶18].

The 11th Circuit has further held that genuine remorse is another important and appropriate factor to be considered in the court's §3553(a) analysis. *See United States v. Gomez-Martinez*, 569 Fed. Appx. 777 (11th Cir. 2014) (recognizing that an offender's statement of remorse is directly related to both 'the nature and circumstances of the offense' and 'the history and characteristics of the defendant'), *See also United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014)(a court has the power to consider certain other factors concerning the defendant's remorse under §3553(a) irrespective, of whether the Government files a §5K1.1 motion). Lastly, Mr. Moreno intends on making a statement to this Honorable Court at the time of sentencing further expressing his remorse.

**II.     The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Although a serious offense, Mr. Jose Flores's involvement in this case did not involve violence; nor did Mr. Jose Flores possess any weapon. Further, there are no identifiable victims of the offense. [D.E. 184, ¶16]. Mr. Jose Flores had stable and lawful employment for a significant time prior to his arrest. Regardless of the Court's decisions on his objections and request for

downward variance, Mr. Jose Flores will spend a significant amount of time in prison, in a foreign country, away from his family. Thus, a sentence below the guidelines would be sufficient, but not greater than necessary, to punish Mr. Jose Flores, deter future criminal conduct, and protect the community. *See United States v. Adelson*, 441 F. Supp. 2d 506, 515 (SDNY 2006)(Long prison sentences are not always necessary to achieve the retributive and general deterrence objectives.)

**Low Risk of Recidivating**

A lengthier imprisonment term is not necessary to protect society from Mr. Jose Flores, given that his risk of recidivism is low. The Sentencing Commission's report on "Measuring Recidivism" demonstrated that: non-violent offenders are less likely to recidivate than violent offenders; those who are employed are less likely to recidivate than those who are not employed; those who are married are less likely to recidivate; and those who are sentenced to non-jail sentences are less likely to recidivate than those who receive straight jail. See U.S.S.C., "Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines", (2004).

Mr. Jose Flores is a non-violent offender, was lawfully employed prior to his arrest, and, while he is not married, has a partner with whom he shares two children with. These factors support a favorable prognosis for rehabilitation and a reduced risk of recidivism. Mr. Jose

**II.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

**Judiciary Sentencing Information**

The United States Sentencing Commission rolled out a database of federal sentencing information in an online platform known as Judiciary Sentencing Information ("JSIN")[2]. This

---

[2] https://jsin.ussc.gov/analytics/saw.dll?Dashboard

database, which the Commission "specifically developed with the needs of judges in mind," purports to provide sentencing data about "similarly-situated" defendants for judges to consider in making individual sentencing determinations.[3] The *JSIN* tool enables a user to obtain information about offenders sentenced under the same primary guideline, and with the same Final Offense Level and Criminal History Category. Once the Court calculates the guidelines, undersigned counsel would request a brief recess to use the *JSIN* tool in order to provide the Court with further information about similarly situated offenders. The JSIN statistics applicable to Mr. Jose Flores have been referenced in his Objections. [D.E. 192].

## CONCLUSION

For the aforementioned reasons, along with the other 18 U.S.C. §3553(a) factors, this Court can fashion a sentence that is below the guidelines and does not create a sentencing disparity among similarly situated offenders.

**WHEREFORE**, it is respectfully requested that this Honorable Court find that the foregoing provides a well-founded basis upon which to grant a variance from the advisory guidelines and sentence Mr. Jose Flores to a term of imprisonment below the advisory guidelines.

Respectfully submitted,

*/s/ Dianne E. Carames*
Dianne E. Carames
Florida Bar No: 68419
Puglisi Law
10 Canal Street
Suite 328
Miami, Florida 33166
Tel. 305-403-8063
Dianne@puglisicarames.com

---

[3] *See* https://www.ussc.gov/guidelines/judiciary-sentencing-information

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Dianne E. Carames
Dianne E. Carames, Esq.